**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID CHARLES SCHUBERT,

　　　　　Petitioner - Appellant,

　v.

BERNARD WARNER,

　　　　　Respondent - Appellee.

No. 14-35182

D.C. No. 2:08-cv-00660-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted April 7, 2015[**]
Seattle Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

　　Petitioner-Appellant David Charles Schubert (Schubert) appeals the district

court's denial of his habeas petition, and his motion to amend his habeas petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      Admission of the victim's out-of-court statements made to a family friend did not violate the Confrontation Clause because the statements were not testimonial. *See Michigan v. Bryant*, 131 S. Ct. 1143, 1153 (2011) (describing testimonial statements as those made "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and police interrogations") (citation and alteration omitted). No Supreme Court authority has held that statements made to someone other than law enforcement personnel are testimonial. *See id.* at 1155 n.3. The state court's denial of relief on this claim was not contrary to or an unreasonable application of Supreme Court law. *See Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014).

2.      Improper admission of evidence violates due process only if consideration of the evidence renders the trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 70 (1991). Schubert has cited no Supreme Court case holding that application of the excited utterance hearsay exception may render a trial fundamentally unfair, and we are aware of none. *See Murray*, 745 F.3d at 997 ("Obviously, a state-court decision cannot be contrary to clearly established Federal law that was not yet in existence."). The state court's denial of Schubert's

due process claim was not contrary to or an unreasonable application of Supreme Court authority. *See id.* at 996.

**3.** Schubert failed to demonstrate cause for the procedural default of his claim based on an alleged lack of candor about the level of complicity between the State and plaintiff's counsel in the civil proceeding. *See Henry v. Ryan*, 720 F.3d 1073, 1083 (9th Cir. 2013) (discussing procedural default). It is evident from the state court filings that Schubert and his counsel suspected, alleged, and had evidentiary support for this claim long before commencing federal habeas proceedings. Schubert's ineffective assistance of counsel arguments fail because he has not raised a "substantial" claim under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013).

**4.** Because Schubert knew or should have known at the time of his original filing the facts and theories upon which he based his late proposal for amendment, the district court did not abuse its discretion when it denied Schubert leave to amend his petition to add a new Fifth Amendment claim. *See Bonin v. Calderon*, 59 F.3d 815, 845-46 (9th Cir. 1995) (holding "that a district court does not abuse its discretion in denying a motion to amend where the movant presents

3

no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally").

**AFFIRMED.**